Timothy PIGFORD, et al., Plaintiffs,

v.

Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann Veneman, Secretary, United States Department of Agriculture, Defendant.

Nos. CIV.A. 97–1978(PLF), CIV.A. 98-1693(PLF).

United States District Court, District of Columbia.

Jan. 17, 2002.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for Timothy C. Pigford, McArthur Nesbit, Eddie Slaughter, Leo Jackson J.B. Black, Lucious Abrams, Jr., Griffin Tood, Sr., Gregory Erves, Cecil Brewington, Herbert L. Skinner, Jr., Obie L. Beal, Clifford Lovett.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, for Lloyd Shafer.

Caroline Lewis Wolverton, U.S. Department of Justice, Washington, DC, Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for George Hall.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Marcus B. Jimison, NCCU School of Law, Durham, NC, Stephon J. Bowens, Durham, NC, for Leonard Cooper.

Phillip L. Fraas, Tuttle, Taylor & Heron, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, for Abraham Carpenter.

Stephon J. Bowens, Durham, NC, for Houston Blakeney, Reatha Blakeney, Leroy Robinson, Pearlie Peterson Bobbi Newton, Naomi Knockett, Ilenthe Porter, James Davis.

Terry M. Henry, Susan Hall Lennon, Amanda Quester, Michael Sitcov, U.S. Department of Justice, Civil Division, Washington, DC, Daniel Edward Bensing, U.S. Department of Justice, Federal Programs Branch, Washington, DC, David Monro

Souders, Weiner Brodsky Sidman & Kider, PC, Washington, DC, for Dan Glickman.

Terry M. Henry, Michael Sitcov, U.S. Department of Justice, Civil Division, Washington, DC, for Ann M. Veneman.

Wyndell Oliver Banks, Washington, DC, for Banks Law Frim.

Randi Ilyse Roth, St. Paul, MN, pro se.

Evans M. Folins, Los Valoros, CA, pro se.

Dennis Charles Sweet, Lanston, Frazer, Sweet & Freese, Jackson, MS, for Sarah Davis.

Ford C. Ladd, Alexandria, VA, for James Tanner.

Anthony Herman, Esq., Covington & Burling, Washington, DC.

Lois S. Clark, Wesson, MS, pro se.

Curtis Dixon, Jackson, MS, pro se.

Linda Catching, Hazlehurst, MS, pro se.

Henry A. Vaughn, Hazlehurst, MS, pro se.

Floria A. Vaughn, Hazlehurst, MS, pro se.

Marilynn Stewart, Jackson, MS, pro se.

Evelyn M. Coleman, Hazlehurst, MS, pro se.

Willie S. Maymon, Rolling Fork, MS, pro se.

Colie Dixon, Sr., Georgetown, MS, pro se.

L.D. Maymon, Hazlehurst, MS, pro se.

Gerard Robert Lear, Arlington, VA, for Antonio Santos, Clinton R. Martin.

Ezra McNair, Crystal Springs, MS, pro se.

Grover Miller, Georgetown, MS, pro se.

Geraldstine Miller, Georgetown, MS, pro se.

Larry D. Barnes, Harrisville, MS, pro se.

Edith Lomax-Barnes, Crystal Springs, MS, pro se.

Daryl Brentr, Pinola, MS, pro se.

Harold B. Dixon, Hazlehurst, MS, pro se.

Larry Garrett, Georgetown, MS, pro se.

Velma J. Collins, Hazlehurst, MS, pro se.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

The Court has before it class counsel's Notice of Intention to Produce Certain Files to *Pro Bono* Counsel, as well as defendant's Motion for Emergency Enforcement of the Second Amended Supplemental Privacy Act Protective Order and for Sanctions, plaintiffs' opposition and defendant's reply. Upon consideration of the parties' arguments and the record in this case, defendant's motion will be GRANTED in part and DENIED in part, for the following reasons.

■ The Court has closely reviewed the language of the Second Supplemental Privacy Act Protective Order ("Protective Order") and concludes that class counsel violated the Protective Order in releasing several hundred Track A files to Covington & Burling ("Covington"). As defendant notes in her reply, Covington attorneys serve as "plaintiffs' counsel" in only sixteen Track B cases, *see* Defendant's Reply at 1–2, and thus are authorized under the Protective Order to receive certain files from the government, subject to the terms of the Protective Order. Here, however, Covington did not request or receive the documents from the government but instead obtained them second-hand from class counsel. *See* Plaintiff's Opposition at 2–3. Under the Protective Order, class counsel are authorized to re-release such

files only to persons in their regular employ. *See* Protective Order, ¶ 2.[1] While Covington, acting as plaintiffs' counsel in these sixteen cases, is entitled to obtain some of these files directly from the government under the Protective Order, it is clear that class counsel are *not* authorized to release the files to Covington. The only way for *pro bono* counsel (who are not in the regular employ of class counsel) to gain access to files covered by the Protective Order is to obtain them directly from the government. *See* Protective Order at 1–2. Therefore, in producing to Covington several hundred files that the government itself had not released to Covington, class counsel directly violated the Protective Order.

█ Given class counsel's violation of the Protective Order, the most immediate question before the Court is whether Covington should be required to return the files or be permitted to retain and consult the files in support of the Track B cases in which Covington serves as plaintiffs' counsel. While recognizing the seriousness of class counsel's violation, the Court nonetheless concludes that Covington may retain the files already in its possession, so long as all persons provided access to the files comply with the requirements of the Protective Order, including the requirement that they sign the Acknowledgment Form and abide by the terms of the Protective Order. *See* Protective Order ¶ 2.

Although Covington, in contrast to class counsel, does not represent the entire class of claimants, Covington nonetheless stands in the shoes of class counsel for the sixteen cases in which it does serve as plaintiffs' counsel. Rather than entering this action

as completely independent outside counsel, Covington and other *pro bono* counsel were solicited by class counsel and by the Court to assist class counsel in representing Track B claimants. *See* Order of April 27, 2001 at 6–7. The circumstances of this case thus suggest that *pro bono* counsel should share the advantages gained by class counsel in representing claimants, and also should enjoy some additional flexibility so that individual farmers whom they now represent do not suffer from class counsel's failings and *pro bono* counsel's late arrival in this action. *See* Order issued this same day concerning arbitrators' discretion to extend deadlines at 4. To deny Covington the benefits of access to certain Track A files that class counsel are free to consult would be contrary to the spirit in which the Court solicited *pro bono* counsel's help in this case.

The government argues that even if Covington is entitled to obtain some of these files as plaintiffs' counsel, it must show the relevance of any requested files before they can be released. *See* Defendant's Reply at 3–4. Defendant is correct that Covington (and other *pro bono* counsel) are not authorized under the Protective Order to receive protected files (even from the government itself) without first demonstrating the files' relevance to the specific cases in which Covington serves as plaintiffs' counsel. *See* Protective Order at 2. The government's prior release of all Track A files to class counsel, and class counsel's freedom to use the included information in representing Track B claimants, is the result of class counsel's unique position of having served as counsel for the entire class and having until recently rep-

---

1. Paragraph Two provides that files and information disclosed pursuant to the Protective Order may be shared only with those persons regularly in the employ of the arbitrator; the adjudicator; plaintiffs' counsel; the Monitor; court reporters; government contractors; former USDA employees and class members, who must have a need for the information in the performance of their duties that relate to the adjudication and/or arbitration of individual claims.

resented virtually all Track A and Track B claimants. Only by virtue of this fact were class counsel able to review hundreds of Track A files to determine if they support individual Track B claims without first making a showing of their relevance to specific Track B claims.

To deny *pro bono* counsel access to Track A files (as class counsel has had) would be to place those black farmers now represented by Covington but previously represented by class counsel at a distinct disadvantage and to require *pro bono* counsel recruited by the Court to litigate with significantly fewer resources than class counsel would have had. *See* Order of April 27, 2001 at 6–7. In the interest of fairness, both to *pro bono* counsel who have volunteered their services and to the class members they now represent, the Court concludes that the requirement of demonstrated relevance is waived and that the files improperly released by class counsel may be retained by Covington and consulted in support of the Track B claims being handled by Covington.

The Court is confident that Covington will work to protect the privacy of the affected individuals to the fullest extent possible. The attorneys at Covington are legal professionals and are bound by the same ethical rules of confidentiality that apply to any representation. In addition, all individuals obtaining access to the protected files must sign an Acknowledgment Form agreeing to the specific terms of the Protective Order. *See* Protective Order ¶ 2. This requirement ensures that information in the files will be used exclusively for purposes of *Pigford*-related actions and released only to a small set of approved

persons. *See id.;* Acknowledgment Form at 1–3.[2]

A final question remains: Should the Court impose sanctions on class counsel for the improper release of these files? First, as stated above, the Court finds that class counsel did violate the Protective Order, and that class counsel's "Notice of Intention to Produce Certain Files" did not relieve counsel of their obligation to comply with the Protective Order. In addition, the Court finds that this violation was both knowing and willful, given class counsel's warning to defendant beforehand, *see* Class Counsel's Notice of Intention, and defendant's response, which clearly enunciated the government's objection to the file transfer. *See* Defendant's Motion, Exhibit 1. While the actual harm of the instant violation will be mitigated by Covington's role in this litigation, its professional commitment to confidentiality and its formal agreement to abide by the terms of the Protective Order, class counsel's willful violation of the Protective Order is not thereby rendered less serious. Therefore, the Court will seriously consider imposing sanctions on class counsel as a result of this violation. Because the Court expects to consider numerous arguments for sanctions against class counsel in the near future, the Court will defer discussion of this issue until such time as all possible sanctions can be considered at once. For these reasons, it is hereby

ORDERED that defendant's motion for emergency enforcement of the Protective Order is GRANTED in part and DENIED in part; it is

---

**2.** The improper disclosure at issue here is qualitatively distinct from an instance of purposeful or inadvertent public disclosure. While the public "leaking" of an individual's information may constitute a significant harm

to that individual, *see* Defendant's Reply at 6, n. 4, the sharing of such information with additional plaintiffs' counsel representing Track B claimants bears little risk of abuse or public release.

58

FURTHER ORDERED that Covington may retain and consult all files released to it by class counsel; it is

FURTHER ORDERED that class counsel are PERMANENTLY ENJOINED from releasing similar protected files to any *pro bono* counsel, including Covington attorneys, to whom the government itself has not released the files. If *pro bono* counsel wish to obtain such files, they are directed to seek release from the government itself, in accordance with the terms of the Protective Order and this Opinion; and it is

FURTHER ORDERED that defendant's request for sanctions against class counsel will be decided at such time as the Court also can consider all pending requests for sanctions against class counsel.

SO ORDERED.